**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES KEYSER,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 07-3257** |
| | : | |
| **BRADFORD KEYSER,** | : | |
| **Defendant** | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                              **November 19, 2007**

This is a personal property dispute between two brothers. Charles Keyser is

seeking a declaratory judgment and making a statutory claim for wrongful use of civil

proceedings against his brother, Bradford Keyser.  Presently, before the Court is a Motion

to Dismiss the Amended Complaint for lack of personal jurisdiction and failure to state a

claim upon which relief can be granted by the defendant Brad Keyser.

**I.      Background**

Charles and Brad Keyser received personal property as gifts from their mother,

Mady Shone, several weeks before July 26, 2003.  This property had been assigned to and

owned by the Merlin Shone and Mady Shone Living Trust.  It was given to Charles and

Brad pursuant to Mady Shone's authority as trustee and/or surviving settlor of the Shone

Trust.

Charles received the property in dispute in July, 2003 and transported the property

from California to his home in Pennsylvania.  On July 26, 2003, Mady Shone resigned as

trustee of the Shone Trust and subsequently died on August 3, 2003.  In November, 2004,

acting through his attorney in California, Brad claimed ownership of Charles' personal property and demanded that it be returned to California.  Subsequently, on July 27, 2005, Brad received assignments from both the Shone Trust and the Bradford Trust of "all of the Trustee's right, title and interest, if any, in the tangible personal property" of the trusts.  On August 22, 2005, Brad filed a Complaint in Los Angeles County Superior Court for Possession of Personal Property claiming that he was entitled to some of Charles' personal property valued at $25,000.  This Complaint was dismissed for lack of in rem jurisdiction on December 13, 2005.

Meanwhile, Charles filed an equity action against Brad in the Court of Common Pleas of Montgomery County on October 5, 2005.  Charles filed a complaint against Brad seeking injunctive relief and declaratory judgment enjoining Brad from attempting to exercise in rem control over the property located in Montgomery County, Pennsylvania and damages for misuse and abuse of process.  On July 6, 2006, the Court of Common Pleas of Montgomery County dismissed both counts of the complaint.  Finally, on August 8, 2007, Charles gave notice of removal to this Court on the basis of diversity jurisdiction.

Presently, Brad argues that the Amended Complaint should be dismissed for several reasons.  First, Brad claims that the court lacks personal jurisdiction over him because he does not have sufficient minimum contacts with the Commonwealth of Pennsylvania and his alleged activities are unrelated to this forum.  Further, Brad claims that this Court should decline to exercise personal jurisdiction over him because he has

not had continuous and systematic contact with Pennsylvania and the exercise of such

jurisdiction would offend traditional notions of fair play and substantial justice.  Third,

Brad alleges that Pennsylvania is not a proper forum for Charles' claims for declaratory

relief because the trust documents contained a forum selection clause that required all

claims to be brought in California.

Further, Brad argues that the Amended Complaint is barred under the principle of

res judicata because the Court of Common Pleas of Montgomery County already

dismissed Charles' first lawsuit upon consideration of Brad's preliminary objections

based on lack of personal jurisdiction and failure to state a claim.  Finally, Brad alleges

that the Amended Complaint fails to state a claim upon which relief can be granted

because there is no actual controversy, the no-contest clause is inapplicable and Brad did

not use legal proceedings for an unintended purpose.

## II.    Standard of Review for a 12(b)(2) Motion to Dismiss

When a motion to dismiss under FED R. CIV P. 12(b)(2) is filed, the burden shifts

to the plaintiff to prove that jurisdiction exists in the forum state.  IMO Indus., Inc. v.

Kiekert AG, 155 F.3d 254, 257 (3d Cir. 1998).  A court must construe all facts in the light

most favorable to the plaintiff in deciding if personal jurisdiction exists.  Pinker v. Roche

Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002).  "At no point may a plaintiff rely on the

bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss

for lack of jurisdiction; once the motion is made, the plaintiff must respond with actual

proofs not mere allegations." <u>Patterson v. Federal Bureau of Investigation</u>, 893 F.2d 595, 603-04 (3d Cir. 1990).

Rule 4(e) of the Federal Rules of Civil Procedure authorizes a district court to exercise personal jurisdiction over a non-resident defendant to the extent allowed by the long-arm statute of the state in which the court sits.  <u>Provident Nat'l Bank v. Cal. Fed. Sav. and Loan Ass'n</u>, 819 F.2d 434, 436 (3d Cir. 1987).  Pennsylvania's long-arm statute permits the court to exercise personal jurisdiction over a non-resident defendant to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment. <u>Remick v. Manfredy</u>, 238 F.3d 248, 255 (3d Cir. 2001); <u>see also</u> 42 Pa. Cons. Stat. Ann. § 5322(b)(2007).  Personal jurisdiction under the Due Process Clause depends on the relationship among the defendant, the forum, and the litigation.  <u>Shaffer v. Heitner</u>, 433 U.S. 186, 204 (1977).

Personal jurisdiction may be exercised under either a specific or general jurisdiction theory.  <u>Remick</u>, 238 F.3d at 255.  The inquiry as to whether specific jurisdiction exists has three parts.  First, the defendant must have "purposefully directed [his] activities" at the forum.  <u>O'Conner v. Sandy Lane Hotel Co., Ltd.</u>, 496 F.3d 312, 317 (3d Cir. 2007) (quoting <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 472 (1985)). Next, the litigation must "arise out of or relate to" at least one of those activities. <u>O'Conner</u> 496 F.3d at 317;  <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 414 (1984).  Third, if the prior two requirements are met, a court may consider

-4-

whether the exercise of jurisdiction comports with traditional notions of fair play and substantial justice.  Burger King Corp., 471 U.S. at 476 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).  A random, fortuitous or attenuated act alone will not constitute a purposeful connection between the defendant and the forum state.  Burger King Corp., 471 U.S. at 475.

If the plaintiff cannot establish specific jurisdiction, a court may exercise general jurisdiction over the defendant if the defendant has maintained "continuous and systematic contacts" with the forum state such that the defendant should have reasonably anticipated being hailed into court in that forum.  Remick, 238 F.3d at 255.  Finally, the plaintiff must show significantly more than mere minimum contacts with the forum state.  Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987).

When the plaintiff alleges that the defendant committed an intentional tort, and the non-resident defendant's contacts with the forum alone are insufficient to establish personal jurisdiction, the court must also consider the "effects test" set forth in Calder v. Jones, 465 U.S. 783 (1984).  IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259-60 (3d Cir. 1998).  To establish jurisdiction under the "effects test" the plaintiff must demonstrate: (1) the defendant committed an intentional tort; (2) the forum was the focal point of the harm suffered by the plaintiff as a result of that tort; and (3) the defendant "expressly aimed" the tortious activity at the forum state.  IMO Indus., 155 F.3d at 265-66.  The "plaintiff must show that the defendant knew that the plaintiff would suffer the

brunt of the harm caused by the tortious conduct in the forum, and point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum." Id. at 266.

### III.   Discussion

Brad Keyser has filed a motion to dismiss pursuant to FED R. CIV P. 12(b)(2) against his brother Charles Keyser.  As a result, the burden of proof has shifted to Charles to show that jurisdiction exists in this forum.  Charles has simply restated the allegations in the pleadings and has not offered actual proof that Brad has any contacts with this forum.  See Time Share Vacation Club, 735 F.3d at 66.  Construing all the facts in the light most favorable to Charles, Brad still does not have sufficient contacts to be hailed to court in this jurisdiction.

Charles claims that Brad is subject to the jurisdiction of this court for two reasons. First, Charles asserts that since the property in question is located at his residence in Pennsylvania, Brad can be hailed to court in this jurisdiction under 42 Pa. Cons. Stat. Ann. § 5303.[1]   In this case, 42 Pa. Cons. Stat. Ann. § 5303 is not on point.  Charles is seeking a declaratory judgement with regard to property that was gifted to him in California and later transported to Pennsylvania.  Meanwhile, Brad, a non-resident, is being forced to defend a suit initiated by Charles, for the benefit of Charles regarding

---

[1] § 5303. Chattels: The tribunals of this Commonwealth shall have jurisdiction over chattels situated within this Commonwealth whether or not the persons owning or claiming interests therein are subject to the jurisdiction of the tribunals of this Commonwealth.

property rights that Brad no longer disputes.  Despite the fact that the property is now located in Pennsylvania, this court does not have in personam jurisdiction over Brad.

Second, Charles claims that this Court has jurisdiction over Brad under the 42 Pa. Cons. Stat. Ann. § 5322(a)(4)[2] because Brad filed a lawsuit against Charles in California, thus causing harm or injury to Charles in Pennsylvania.  Charles claims that Brad initiated the lawsuit in California for improper purposes[3] and sought only to harm Charles by forcing him to incur financial losses for attorney's fees.  This argument is not persuasive. In 2005,  Brad initiated a lawsuit against Charles in California to determine who legally owned the corpus of the living trust created by his mother which named him the beneficiary.  This property was located in California and transported to Pennsylvania by Charles.  Seeking a declaratory judgment and money damages to determine the rightful owner of property is an appropriate use of the legal system and is precisely what Charles is asking of this Court.  Further, Brad did not misuse the legal process because he did not act without probable cause or attempt to force a settlement.  42 Pa. Cons. Stat. Ann. § 8351(a)(1980).

Pennsylvania's long-arm statute authorizes a district court to exercise personal

---

[2] § 5322(a) General Rule - A tribunal of this Commonwealth may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action or other matter arising from such person:
   4. Causing harm or tortious injury in this Commonwealth by an act or omission outside the Commonwealth.

[3] Charles fails to cite to an intentional tort and merely states in his Amended Complaint that Brad's actions give rise to a "statutory claim for wrongful use of civil proceedings."

jurisdiction over a non-resident defendant under either a specific or general jurisdiction theory.  Provident Nat'l Bank v. Cal. Fed. Sav. and Loan Ass'n, 819 F.2d 434, 436 (3d Cir. 1987); Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001).  This Court does not have specific jurisdiction over Brad because he in no way "purposely directed his activities at the forum."  See O'Conner v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 317 (3d Cir. 2007).  Brad did not purposely direct his activities at Pennsylvania when he filed a lawsuit in California seeking a declaratory judgment regarding the ownership rights of the property that Charles transported from California to Pennsylvania.  Second, this litigation is "arising out of or is related to" the lawsuit that was filed in California.  Id. at 317.  Charles' claim for declaratory relief and his statutory claim for wrongful use of civil proceedings are based on allegations regarding activities that were not performed in Pennsylvania and arise from the California lawsuit.   Finally, exercising jurisdiction over Brad would offend the traditional notions of fair play and substantial justice.  Burger King Corp., 471 U.S. at 476.  It would be unduly burdensome for Brad to be forced to travel to and defend himself in this jurisdiction especially considering the fact that the property was originally located in California, subject to a California trust and protected under California law.

Furthermore, this Court does not have general jurisdiction over Brad.  Brad has had no interaction with Pennsylvania and certainly has not maintained continuous and systematic contacts with this forum.  Helicopteros, 466 U.S. at 416.  He has no reason to

anticipate being hailed into this Court.

Charles also cannot establish jurisdiction under the "effects test." <u>Calder v. Jones</u>, 465 U.S. 783, 789 (1984). Charles has not plead sufficient facts to indicate that Brad committed the intentional tort of abuse of process against Charles by filing a lawsuit against him in California. The California lawsuit was not an abuse of process because it was initiated with the legitimate objective of adjudicating property rights among the parties. Therefore, the plaintiff has not demonstrated that an intentional tort was committed and has certainly not shown that Brad expressly aimed his tortious activity at this forum.

## IV.    Conclusion

For the reasons stated above, I will grant the defendants' Motion to Dismiss based on a lack of personal jurisdiction over Bradley Keyser pursuant to FED R. CIV. P. 12(b)(2). An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES KEYSER,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 07-3257** |
| | : | |
| **BRADFORD KEYSER,** | : | |
| **Defendant** | : | |

## <u>O R D E R</u>

**STENGEL, J.**

    **AND NOW**, this 19th day of November, 2007, upon consideration of defendant's

Motion to Dismiss Amended Complaint (Document #10), and the plaintiff's response

thereto, it is hereby ORDERED that the motion is GRANTED.

    The Clerk of Court is directed to mark this case closed for statistical purposes.


                    BY THE COURT:


                    /s/ Lawrence F. Stengel
                    LAWRENCE F. STENGEL, J.